J-S80036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHAUN RONALD APPLER | |
| Appellant | No. 582 MDA 2016 |

Appeal from the PCRA Order March 8, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001167-2012, CP-36-CR-0001173-2012, CP-36-CR-0001177-2012

BEFORE: LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                 **FILED DECEMBER 19, 2016**

Appellant, Shaun Ronald Appler, appeals from the March 8, 2016 order denying, as untimely, his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On November 5, 2012, Appellant entered a series of negotiated guilty pleas. At docket No. 1167-2012, Appellant pleaded guilty to two counts of robbery, two counts of theft by unlawful taking, and two counts of criminal conspiracy to commit robbery.[1] At docket No. 1173-2012, Appellant pleaded guilty to two counts of robbery, three counts of criminal conspiracy, and two counts of theft by unlawful taking. At docket No. 1177-2012, Appellant pleaded guilty to robbery and criminal attempt to commit theft by unlawful

---

[1] 18 Pa.C.S. § 3701(a)(1)(ii), 3921(a), and 903, respectively.

taking. That same day, Appellant was sentenced to an aggregate of ten to twenty years of incarceration. **See** Notes of Testimony (N. T.), 11/5/12, at 2-8. Appellant did not file a direct appeal.

On July 23, 2013, Appellant *pro se* filed a timely petition seeking PCRA relief. The court appointed PCRA counsel, who submitted a **Finley**[2] letter. On December 4, 2013, the court granted counsel's request to withdraw and dismissed Appellant's petition without a hearing. Appellant did not appeal this order.

On November 2, 2015, Appellant *pro se* filed a motion to modify sentence, seeking leave to file post-sentence motions *nunc pro tunc*, which the PCRA court treated as a second PCRA petition. Appellant argued that his sentence was illegal under **Alleyne v. United States**, 135 S. Ct. 1251 (2013). On November 19, 2015, the court appointed counsel, who filed a **Finley** letter, noting that the petition lacked merit because it was untimely. On January 26, 2016, the court issued notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. On March 7, 2016, the court granted counsel's petition to withdraw and dismissed Appellant's petition as untimely.

Appellant timely appealed. The PCRA court did not issue an order pursuant to Pa.R.A.P. 1925(b). Further, the PCRA court did not issue an

---

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

opinion pursuant to Pa.R.A.P. 1925(a). Instead, the PCRA court issued an order stating that it affirmed its dismissal of Appellant's PCRA petition for the reasons set forth in its Pa.R.Crim.P. 907 notice.

Herein, Appellant presents three issues for our review:

I. Whether Appellant's counsel was ineffective in failing to seek correction of Appellant's term in light of the fact that the law in Pennsylvania allows for an unlawful sentence to be corrected under the "plain error" doctrine, and counsel knew or should have known of the law relating to this aspect of criminal sentences?

II. Whether Appellant's sentence is unlawful in light of recent U.S. Supreme Court holdings which have outlawed the usage of the sentencing statutes which Appellant was sentenced under and of which recent amendment(s) and decision-making from the Pennsylvania courts clearly indicate having retroactive effect on sentencing in Pennsylvania?

III. Whether Pennsylvania has any enacted statutes or legislation empowering any court to construe documents filed by a litigant as other than that document the litigant has filed, otherwise altering the proceedings of that litigant?

Appellant's Brief at iii (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA court issued an Order stating time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his

claims. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007).

Under the PCRA, any petition for relief, including second and subsequent

petitions, must be filed within one year of the date on which the judgment of

sentence becomes final. ***Id***. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these

exceptions "shall be filed within 60 days of the date the claim could have

been presented." 42 Pa.C.S. § 9545(b)(2); ***see Commonwealth v.***

***Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[3] Nevertheless, Appellant asserts his

claim is based upon a newly recognized constitutional right held to apply

retroactively. ***See*** Appellant's Brief at 5-7.

---

[3] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on December 5, 2012, at the expiration of his thirty days to file a direct appeal. ***See*** 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time
*(Footnote Continued Next Page)*

According to Appellant, the sentence imposed upon him is illegal pursuant to a newly recognized constitutional rule. *See* Appellant's Brief at 5-7 (citing in support ***Alleyne***, 133 S. Ct. at 2155 (concluding that "[a]ny fact that … increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt")). Appellant argues that our courts have held that the unconstitutional portions of mandatory minimum sentencing statutes are not severable. ***Id.*** at 6 (citing in support ***Commonwealth v. Hopkins***, 117 A.3d 247 (2015)). Moreover, Appellant asserts, this new rule must be applied retroactively, thus entitling him to collateral relief. ***Id***. at 5-6 (citing in support ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016)).

Appellant's reliance upon ***Montgomery*** to establish the retroactive applicability of ***Alleyne*** is misplaced. In ***Montgomery***, the United States Supreme Court recognized that state collateral review courts must give retroactive effect to a new, *substantive* rule of constitutional law. ***Montgomery***, 136 S. Ct. at 729. However, the Pennsylvania Supreme Court has recently determined that the rule announced in ***Alleyne*** was neither a substantive nor a "watershed" procedural rule and, therefore, did not apply retroactively to cases pending on collateral review.

*(Footnote Continued)* ─────────────

for seeking the review). Thus, Appellant had until December 5, 2013, to timely file a petition. Appellant filed his current petition on November 2, 2015.

*Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016), *see also Commonwealth v. Riggle*, 119 A.3d 1058, 1064-67 (Pa. Super. 2015) (same).  Neither did *Hopkins* announce a new rule that has been held to apply retroactively.  *See Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016).

Appellant's petition is untimely, and he has not satisfied a timeliness exception to the requirements of the PCRA.  Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claims, and properly dismissed his petition.  *See Ragan*, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2016