J-S64034-16

2016 PA Super 185

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TRAVIS JUSTIN WHITEHAWK | |
| Appellant | No. 330 EDA 2016 |

Appeal from the PCRA Order January 6, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003018-2010

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED AUGUST 24, 2016**

Appellant Travis Justin Whitehawk appeals, *pro se*, the order entered in the Court of Common Pleas of Montgomery County on January 6, 2016, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On May 17, 2011, Appellant entered a negotiated plea of guilty to a first-degree felony of Involuntary Deviate Sexual Intercourse with a child[2] and pursuant to the plea negotiations was sentenced to a term of eight (8) years to twenty (20) years in prison.  Also, in accordance with the plea, the Commonwealth withdrew nine related charges.  Appellant filed a motion to

_____

[1] 42 Pa.C.S.A. §§ 9541-46.
[2] 18 Pa.C.S.A. § 3123(b).

*Former Justice specially assigned to the Superior Court.

withdraw his guilty plea on May 24, 2011, and the trial court denied the same on May 26, 2011. On June 10, 2011, the trial court denied Appellant's motion for reconsideration of sentence. Appellant did not file a direct appeal with this Court.

On August 11, 2015, Appellant filed the instant PCRA petition *pro se*.[3] Counsel was appointed and on December 4, 2015, filed a motion to withdraw as counsel along with a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Upon finding that counsel had complied with the requirements of **Turner**/**Finley**, the PCRA court granted PCRA counsel's motion to withdraw and notified Appellant on December 7, 2015, pursuant to PaR.Crim.P. 907(1) that his PCRA petition would be dismissed unless a response was filed within twenty (20) days. Appellant filed his "Objection to Intent to Dismiss Post Conviction Relief Act Pursuant to Pa.R.Crim.Proc. Rule 907" on December 24, 2015, wherein he challenged the legality of his sentence. Specifically, Appellant averred the decision of

---

[3] While Appellant's PCRA petition is time-stamped August 24, 2015, the petition itself is dated August 11, 2015, and Appellant attached thereto a proof of service certifying that on that date, he served his petition by first class mail. Also, a copy of an envelope dated August 12, 2015, appears in the certified record. Accordingly, we conclude that pursuant to the "prisoner mailbox rule," Appellant filed his PCRA petition on August 11, 2015. **See Commonwealth v. Wilson**, 911 A.2d 942, 944 (Pa.Super. 2006) (recognizing that under the "prisoner mailbox rule" a document is deemed filed when placed in the hands of prison authorities for mailing).

the United States Supreme Court in **Alleyne v. United States**, ___ U.S.
____, 133 S.Ct. 2151 (2013) had rendered his sentence illegal and that he
was entitled to relief under the "newly discovered facts" exception to the
PCRA time-bar set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii).[4]

After its independent review of Appellant's claims set forth in his PCRA
petition, counsel's motion to withdraw and accompanying no-merit letter,
Appellant's response to the Rule 907 Notice, and the complete record, the
PCRA court held there were no genuine issues concerning any material fact
that would entitle Appellant to post-conviction relief.  Finding that no
purpose would be served by further proceedings, the PCRA court granted
counsel's motion to withdraw and dismissed Appellant's petition without a
hearing on January 6, 2016.[5]  In doing so, the PCRA court first determined
Appellant had waived his claims by pleading guilty and failing to appeal his
judgment of sentence.  **See** Final Order Denying Post-Conviction Petition and
Granting Counsel's Motion to Withdraw at 2.  The PCRA court further found

---

[4] **Alleyne** held that, other than the fact of a prior conviction, any fact that
increases the penalty for a crime beyond the prescribed statutory minimum
must be submitted to a jury and proved beyond a reasonable doubt. **Id.** at
2160-61.

[5] Appellant does not challenge the PCRA court's order allowing counsel to
withdraw, nor does he raise any issue with his proceeding *pro se* on appeal.
We shall not raise *sua sponte* the propriety of the trial court's order granting
counsel's motion to withdraw. **See Commonwealth v. Pitts**, 603 Pa. 1,
981 A.2d 875 (2009).

Appellant had failed to allege and prove that an exception to the one-year time-bar under the PCRA had been met. *Id*. at 4.

On January 21, 2016, Appellant filed a timely appeal, *pro se*, with this Court. In his appellate brief, Appellant presents the following Statement of the Questions Involved:

> I. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing by misapprehending the retrospective application in **Commonwealth v. Hopkins, 117 A.3d 247 (2015)** when it's [sic] paradigm, **Alleyne v. United States, 133 S.Ct. 2151 (2013)** created a "substantive rule," which "the Constitution requires State Collateral Review Courts to give retroactive effect to that rule?"
>
> II. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing when [Appellant] filed the instant Post Conviction Relief Act Petition timely by filing within sixty (60) days of learning of the Supreme Court of Pennsylvania's decision in **Commonwealth v. Hopkins, 117 A.3d 247 (2015)**?
>
> III. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing when [Appellant] contends that through the Court's inherent power, the P.C.R.A. Court always retains jurisdiction to correct his patently unconstitutional, and therefore illegal sentence?

Brief for Appellant at 4.

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*). Before addressing the merits of Appellant's claims, we must first determine whether we have

jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978, 983 (2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)    the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citations omitted).

Instantly, Appellant was sentenced on May 17, 2011, and his motion for reconsideration of sentence was denied on June 10, 2011. Appellant did not file a timely appeal with this Court. Therefore, Appellant's judgment of sentence became final thirty days thereafter on July 11, 2011.[6] ***See*** 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"). As such, Appellant had until July 11, 2012, to file a timely first petition for post-conviction relief. Appellant filed the instant PCRA petition on August 11, 2015; therefore, it is patently untimely, and the PCRA court could not address the merits of Appellant's petition unless a timeliness exception applies.

Appellant argues his petition is not time-barred because the United States Supreme Court created a "new rule" of substantive law in ***Alleyne***, ***supra***, that applies retroactively to cases on collateral review. Brief for Appellant at 11, 15. Appellant urges that were ***Alleyne*** not applied

_____

[6] July 10, 2011, fell on a Sunday.

retroactively herein, he would be facing "a punishment that the law cannot impose on him." He further reasons that as he has sought relief under the PCRA, the sole means for seeking collateral relief in this Commonwealth, he "must be afforded the constitutional right of retroactive application of *Alleyne*, due to fact that the 'new rule' announced is a 'substantive rule,' and therefore applies retroactively to cases on collateral review." *Id*. at 15-16. Appellant explains that he is raising this "newly discovered fact" that his sentence became illegal in light of the Pennsylvania Supreme Court's decision in *Commonwealth v. Hopkins*, ___ Pa. ____, 117 A.2d 247 (2015) to invoke the exception to the PCRA time-bar under 42 Pa.C.S.A. § 9545(b)(1)(ii).[7] Appellant reasons that as he filed the instant PCRA petition within sixty (60) days of when he became aware of the *Hopkins* decision, it should be deemed to be timely filed, as *Hopkins* provided "implied retroactivity" of *Alleyne*. *Id*. at 26. Appellant posits that the PCRA court, though its "inherent power" "always" retains jurisdiction to correct an illegal sentence. *Id*. at 25.

As long as this Court has jurisdiction over a matter, a legality of sentencing issue is reviewable and cannot be waived. ***Commonwealth v.***

_____

[7] In *Hopkins*, our Supreme Court held that 18 Pa.C.S.A. § 6317 which imposed a mandatory minimum sentence for a drug sale or PWID within 1,000 feet of a school was unconstitutional in its entirety, as certain provisions of the statute do not adhere to *Alleyne's* rule and are not severable from the remaining portions of the statute. *Hopkins*, ___ Pa. at ____, 117 A.3d at 262.

- 7 -

***Jones***, 932 A.2d 179, 182 (Pa.Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(2); ***Commonwealth v. Fahy***, 558 Pa. 313, 330, 737 A.2d 214, 223 (1999) (holding that "[a]lthough a legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). Thus, an appellant must present an illegal sentencing claim in a timely PCRA petition over which this Court has jurisdiction. ***See Fahy***, ***supra***, and ***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa.Super. 2014) (observing ***Alleyne*** does not invalidate a mandatory minimum sentence challenged in an untimely PCRA petition).

Our Supreme Court decided ***Hopkins*** on June 15, 2015; thus, in order to invoke the newly-discovered fact exception of 42 Pa.C.S.A. § 9545(b)(1)(ii) Appellant needed to submit his PCRA petition within sixty days thereof, not within sixty days of the date upon which he became aware of the decision. ***See*** 42 Pa.C.S. § 9545(b)(2); ***Commonwealth v. Brandon***, 51 A.3d 231, 235 (Pa.Super. 2012) (providing that the sixty-day time period with respect to new decisional law begins to run upon the date of the underlying judicial decision). As previously stated, pursuant to the prisoner mailbox rule Appellant filed his PCRA petition on August 11, 2015, which was within sixty (60) days of the ***Hopkins*** decision. Notwithstanding, the Pennsylvania Supreme Court has held that "subsequent

decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." ***Commonwealth v. Watts***, 611 Pa. 80, 23 A.3d 980, 987 (2011).

Also, contrary to Appellant's claim, the ***Hopkins*** decision did not announce a "new rule," but rather simply assessed the validity of Section 6317 under ***Alleyne*** and concluded that particular mandatory minimum sentencing statute was unconstitutional. Furthermore, even if ***Hopkins*** had announced a new rule, neither our Supreme Court nor the United States Supreme Court has held that ***Hopkins*** applies retroactively to post-conviction petitioners such as Appellant. Consequently, to the extent Appellant attempts to rely on ***Hopkins***, he has not satisfied the timeliness exception of Section 9545(b)(1).

Finally, assuming that ***Alleyne*** announced a new constitutional right, neither our Supreme Court nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final, and this Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases. ***Commonwealth v. Phillips***, 31 A.3d 317, 320 (Pa.Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012). To the contrary, our Supreme Court recently filed an opinion in ***Commonwealth v. Washington***, 2016

WL 3909088 (Pa. July 19, 2016) wherein it addressed the retroactive effect of **Alleyne** and held "that **Alleyne [ v. United States**, ___ U.S. ____, 133 S.Ct. 2151 (2013),]** does not apply retroactively to cases pending on collateral review. . . ." **Id**. at *8.

For all of the foregoing reasons, we find the PCRA court lacked jurisdiction to consider the merits of Appellant's PCRA petition and properly dismissed it as untimely filed. Accordingly, we affirm the PCRA court's January 6, 2016, Order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/24/2016</u>