J-S77039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD ANDREW DADDARIO, | |
| Appellant | No. 889 MDA 2016 |

Appeal from the PCRA Order May 3, 2016
in the Court of Common Pleas of Snyder County
Criminal Division at No.: CP-55-CR-0000245-2005

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 14, 2016**

Appellant, Richard Andrew Daddario, appeals *pro se*, from the May 3, 2016 order dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

We take the factual and procedural history in this matter from our review of the certified record. On September 1, 2006, a jury convicted Appellant of multiple counts of involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, corruption of minors, and indecent assault.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 3121(a)(7), 3122.1, 3125(a)(8), 6301(a)(1), and 3126(a)(8) respectively.

[Appellant] filed his first PCRA [p]etition *pro se* on June 17, 2009 . . . . As a result of that petition and subsequent proceedings and pursuant to an agreement to resolve his [p]etition, his original sentence was vacated and he was resentenced by the [trial court] on July 2, [2]010. No appeal followed.

(**Commonwealth v. Daddario**, No. 1577 MDA 2014, unpublished memorandum (Pa. Super. filed June 16, 2015) (citation omitted)). Appellant filed a second PCRA petition on July 14, 2014, which the PCRA court dismissed as untimely. This Court affirmed the dismissal on June 16, 2015.

Appellant filed the instant PCRA petition on March 4, 2016. The PCRA court issued a notice of intention to dismiss, **see** Pa.R.Crim.P. 907(1), on March 24, 2016. The petition was dismissed as untimely on May 3, 2016. This timely appeal follows.[2]

Appellant raises two issues on appeal:

I. Whether Appellant's confinement is illegal and constitutional [sic] where no statutory authorization exists, in violation of his 6th, 8th, and 14th Amendment Rights of the Constitution?

II. Whether the holding of **Montgomery v. Louisiana**[, 136 S.Ct. 718 (2016),] renders **Alleyne v. United States**[, 133 S.Ct. 2151 (2013),] retroactive where **Alleyne** controls the outcome of the case, and the Constitution requires state collateral review courts to give retroactive effect to this substantive ruling?

(Appellant's Brief, at 4).

_____

[2] The PCRA court did not order Appellant to file a statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). It issued a statement on May 20, 2016, referring this Court to its notice of intention to dismiss in lieu of a separate opinion pursuant to Rule 1925(a). **See** Pa.R.A.P. 1925(a).

- 2 -

We begin by addressing the timeliness of Appellant's instant PCRA petition.

> Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed. The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.
>
> A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). . . .

*Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) (case citations and some quotation marks omitted). Furthermore, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (citation omitted).

Here, Appellant's judgment of sentence became final on August 1, 2010, thirty days after he failed to file an appeal from his resentencing. *See* Pa.R.A.P. 903(a). Appellant therefore had until August 1, 2011, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). He filed the present petition on March 4, 2016. Thus, it was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)–(iii); *see Brown*, *supra* at 500. If an exception applies, a petitioner must file the PCRA petition "within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "[Our Supreme] Court has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008) (citation omitted).

Here, Appellant claims the applicability of the constitutional right exception to the PCRA time bar. (*See* Appellant's Brief, at 7-13); 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, he alleges that the United States Supreme Court's decision in *Montgomery*, *supra* (holding that *Miller v. Alabama*, 132 S.Ct. 2455 (2012), should be applied retroactively), mandated retroactive application of *Alleyne*. (*See* Appellant's Brief, at 7-13). We disagree.

"[A] new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the

Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases." ***Commonwealth v. Whitehawk***, --- A.3d ---, 2016 WL 4473779, at *4 (Pa. Super. filed Aug. 24, 2016) (citation omitted). Neither Court has held that ***Alleyne*** is applied retroactively. Rather, our Supreme Court recently issued an opinion in ***Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016), wherein it held "***Alleyne*** does not apply retroactively to cases pending on collateral review." ***Id.*** at 820.

Here, Appellant's argument that the United States Supreme Court, in ***Montgomery***, held that ***Alleyne*** applies retroactively is meritless. In ***Montgomery***, the Supreme Court held "***Miller*** announced a substantive rule that is retroactive in cases on collateral review." ***Montgomery***, ***supra*** at 732. Its decision did not concern ***Alleyne***. Thus, Appellant has not met his burden of proving that ***Alleyne*** set forth a new constitutional law that is applicable retroactively to cases on collateral review. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(iii).

Accordingly, we conclude that Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the PCRA's time bar. ***See Hawkins***, ***supra*** at 1253. Therefore, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2016