J-S92016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALVIN D. BARNETT | |
| Appellant | No. 428 WDA 2016 |

Appeal from the PCRA Order March 9, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014068-1993

BEFORE:  SHOGAN, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED MARCH 07, 2017**

Alvin D. Barnett appeals from the order entered March 9, 2016 in the Allegheny County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On July 12, 1995, Barnett was convicted of robbery, arson, aggravated assault, criminal attempt – homicide, and causing a catastrophe.[1]  On September 13, 1995, the trial court imposed an aggregate sentence of 30 to 60 years' incarceration.  Barnett's sentence was later vacated and, on February 21, 1997, the trial court imposed a new sentence of 28 to 60 years'

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701, 3301(a), 2702(a)(1), 901, and 3302(a), respectively.

incarceration.[2]  On March 6, 1997, Barnett filed a notice of appeal with this Court.  We affirmed Barnett's judgment of sentence on June 9, 1998. Barnett filed an untimely petition for allowance of appeal with the Supreme Court of Pennsylvania, which was returned to him on September 3, 1998.[3]

On June 5, 2014, Barnett filed a PCRA petition, claiming that he was entitled to relief under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). On June 11, 2014, the PCRA court appointed counsel.  After a status conference on August 27, 2014, wherein counsel and the court apparently discussed the ramifications of **Alleyne**, the PCRA court granted Barnett leave to file an amended PCRA petition on or before October 27, 2014. Following a series of requests for extensions of time, Barnett filed an amended PCRA petition on October 29, 2015.  In his amended petition, Barnett did not assert an **Alleyne** challenge but rather legality of sentence

_____

[2] Barnett's trial counsel filed a motion to withdraw as counsel on September 26, 1995, stating that Barnett had filed a motion alleging counsel's ineffectiveness.  In that motion, trial counsel asked the court to not only appoint new counsel, but also vacate the sentence so as to allow counsel to review the lengthy trial transcripts.  The court granted leave to withdraw on September 28, 1995, and granted the motion to vacate on October 12, 1995.

[3] Barnett's notice of appeal to the Supreme Court of Pennsylvania is dated July 3, 1998.  However, correspondence from the Prothonotary of the Supreme Court indicates that the Allegheny County Clerk of Courts received the notice on July 21, 1998.  On September 3, 1998, the Prothonotary of the Supreme Court returned the notice of appeal as untimely, along with the proof of service and order of this Court.

challenges based on merger and credit for time served.[4]  On December 2, 2015, the PCRA court filed a notice of intent to dismiss the amended petition under Pennsylvania Rule of Criminal Procedure 907, concluding that Barnett's legality of sentence issues were meritless.  Barnett did not respond to the notice, and the PCRA court dismissed his amended petition on March 9, 2016.  On March 16, 2016, Barnett filed a timely notice of appeal.

Barnett raises two issues on appeal:

1. Whether the Court erred in denying [Barnett] a PCRA hearing to determine whether [Barnett]'s sentences of aggravated assault and robbery merged?

2. Whether this Court should remand the case for a re-sentencing on the time credit issue?

Barnett's Br. at 1.

Before we may address the merits of Barnett's claims, we must first determine whether the PCRA court had jurisdiction to consider his petition. It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015).  A PCRA petition, "including a

_____

[4] Barnett also asserted an ineffective assistance of counsel claim.  Am. PCRA Petition, 10/29/15, at 4.  While Barnett included this claim in his Rule 1925(b) statement, he did not argue it in his brief.  Therefore, Barnett has waived this claim.  **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); **Commonwealth v. Dunphy**, 20 A.3d 1215, 1218 (Pa.Super. 2011) (concluding that questions raised in appellant's 1925(b) statement but not subsequently developed in his brief are abandoned).

second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking . . . review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Barnett's judgment of sentence became final on July 8, 1998, when the time to seek review in the Pennsylvania Supreme Court had expired.[5] He had one year from that date, that is, until July 8, 1999, to file a timely PCRA petition. His current petition, filed on June 5, 2014, is facially untimely.

Barnett's petition remains untimely unless it alleges and proves a PCRA time-bar exception. Barnett neither pleads nor proves a time bar-exception in any of his filings. Rather, he asserts that because his claims challenge the legality of his sentence, he may raise them for the first time in a PCRA proceeding. Barnett's Br. at 3 (citing *Commonwealth v. Blassingale*, 571 A.2d 426 (Pa. 1990)). We disagree. While "a legality of sentencing issue is reviewable and cannot be waived . . . ., an appellant must present an illegal sentencing claim in a timely PCRA petition over which this Court has jurisdiction." *Commonwealth v. Whitehawk*, 146 A.3d 266, 270 (Pa.Super. 2016). Barnett's bare assertion that his sentence is illegal does not meet any of the PCRA time-bar exceptions. Thus, Barnett's amended petition is untimely, and the PCRA court lacked jurisdiction to

_____

[5] Because Barnett filed an untimely petition for allowance of appeal with the Pennsylvania Supreme Court, his "judgment of sentence became final after the expiration of the 30-day period in which [he] was allowed to seek further review." *Commonwealth v. Hutchins*, 760 A.2d 50, 54 (Pa.Super. 2000) (concluding that appellant's filing of untimely petition for allowance of appeal and subsequent denial by our Supreme Court "does not operate to circumvent the clear and unambiguous language contained in Section 9545(b)(3)").

consider the merits of his petition. We conclude that, although it did not consider the jurisdictional aspects of Barnett's amended petition,[6] the PCRA court correctly dismissed Barnett's amended petition without a hearing.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/7/2017

---

[6] "This Court may affirm a PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa.Super. 2012).