J-S22034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN P. EISENHAUER, | |
| Appellant | No. 1679 MDA 2016 |

Appeal from the PCRA Order September 27, 2016
in the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0000417-2011

BEFORE: SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED APRIL 19, 2017**

Appellant, Jonathan P. Eisenhauer, appeals from the denial of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

On September 27, 2011, Appellant pleaded guilty to criminal homicide, five counts of attempted homicide, five counts of aggravated assault on a law enforcement officer, eleven counts of aggravated assault, kidnapping, unlawful restraint, false imprisonment, discharge of a firearm into an occupied structure, endangering the welfare of a child, cruelty to animals, six counts of simple assault, terroristic threats, eight counts of recklessly

_____

[*] Retired Senior Judge assigned to the Superior Court.

endangering another person, and resisting arrest.[1]  On November 2, 2011, Appellant was sentenced to life imprisonment for the criminal homicide, followed by an aggregate term of not less than thirty nor more than sixty years' incarceration on the remaining charges.  Appellant did not file a direct appeal.

On June 6, 2016, Appellant filed a *pro se* first PCRA petition.  The PCRA court appointed counsel.  On June 16, 2016, the Commonwealth filed a motion to dismiss the petition, arguing that it was untimely.  The court conducted a hearing on the Commonwealth's motion on September 27, 2016, after which it dismissed Appellant's PCRA petition.  (**See** Order, 9/28/16).  This timely appeal followed.[2]

Appellant raises one issue on appeal:  "Whether the [PCRA c]ourt erred in denying [his] PCRA [p]etition as untimely?"  (Appellant's Brief, at 4).

Our standard of review of the court's denial of a PCRA petition is well-settled:

> Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's

---

[1]  18 Pa.C.S.A. §§ 2501, 901, 2702.1(a), 2702(a)(2), 2901(a)(1), 2902(a)(1), 2903(a), 2707.1(a), 4304(a), 5511(a)(2.1)(i)(A), 2701(a)(1), 2706(a)(1), 2705, and 5104, respectively.

[2] Appellant filed a concise statement of errors complained of on appeal on October 7, 2016.  The PCRA court entered its opinion on December 6, 2106.  **See** Pa.R.A.P. 1925.

determination is supported by the record evidence and free of legal error. Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition.

***Commonwealth v. Whitehawk***, 146 A.3d 266, 269 (Pa. Super. 2016) (citations omitted).

Here, the PCRA court found that it lacked jurisdiction because Appellant's petition was untimely and he failed to plead and prove any exception to the PCRA time-bar. (***See*** PCRA Court Opinion, 12/6/16, at 6). We agree.

It is well-settled that:

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. [***See***] 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

Here, Appellant's judgment of sentence became final on December 2, 2011, at the expiration of the time for him to file a direct appeal. ***See*** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year

from that date to file a petition for collateral relief unless he pleaded and proved that a timing exception applied. *See* 42 Pa.C.S.A. § 9545(b)(1). Hence, Appellant's current petition, filed on June 6, 2016, is untimely on its face and we will only review its merits if he pleads and proves one of the statutory exceptions to the time-bar.

> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. [*See*] 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:
>
>> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide[d] in this section and has been held by that court to apply retroactively.
>
> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies.

*Whitehawk*, *supra* at 269-70 (case citation and quotation marks omitted). Further, "[i]f the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits

- 4 -

of the petition." ***Commonwealth v. Johnston***, 42 A.3d 1120, 1126 (Pa. Super. 2012) (citation omitted). Also, a PCRA petition invoking one of these statutory exceptions must "be filed within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In the instant case, Appellant attempts to prove the applicability of the newly discovered facts exception. (***See*** Appellant's Brief, at 8-15); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, he claims that he is entitled to the benefit of the newly discovered facts exception because he discovered that Ms. Jennifer Steiner could have been called as a witness, and argues that his PCRA petition was only filed late because the drugs that he had been taking interfered with his ability to figure out how to proceed with his petition. (***See*** Appellant's Brief, at 10-11, 13-15; ***see also*** PCRA Ct. Op., at 3). Appellant has failed to prove the applicability of the newly discovered facts exception to the time-bar.

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015) (citations and quotation marks omitted).

Here, as observed by the PCRA court:

During the hearing on September 27, 2016, the Commonwealth called Attorney Brian Deiderick as a witness. Attorney Deiderick was [Appellant's] counsel at the time [Appellant] entered into the guilty plea and was sentenced. Attorney Deiderick testified that both he and [Appellant] knew that Jennifer Steiner was available as a possible witness. Attorney Deiderick testified there was a [m]itigation [s]pecialist [r]eport regarding Jennifer Steiner in the file, and he would have discussed this with [Appellant] before the guilty plea was entered. Attorney Deiderick also testified that he did not recall talking to [A]ppellant about using Jennifer Steiner as a fact witness because she was not there for the shootings. Attorney Deiderick stated that Jennifer Steiner would have been used solely as a mitigation witness. Attorney Deiderick testified that Jennifer Steiner would have been discussed with [A]ppellant before the guilty plea by either himself or a member of his team.

*    *    *

The [PCRA c]ourt conclude[d] that, [Appellant] knew of or should have known of the witness, Jennifer Steiner, before he entered his guilty plea, and even if [Appellant] was unaware of her at that time, [Appellant] knew of her well before he filed his PCRA petition. [Appellant's] own testimony indicated that he knew of the witness at least six [] months before he decided to file his PCRA petition. . . .

(PCRA Ct. Op., at 5-6).

We agree with the sound reasoning of the PCRA court. Appellant has failed to establish the applicability of the newly discovered facts exception to the PCRA time-bar where he has not shown that the fact was newly discovered or that he acted with due diligence. **See Brown**, **supra** at 176.

Accordingly, because Appellant failed to plead and prove the applicability of a PCRA timeliness exception, we conclude that the PCRA court properly dismissed his untimely petition without a hearing on the basis

that it lacked jurisdiction.  ***See Whitehawk***, ***supra*** at 269-70; ***Johnston***,

***supra*** at 1126.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017