J-S56015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| LUTHER S. RYALS JR. | |
| Appellant | No. 767 EDA 2017 |

Appeal from the PCRA Order January 18, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001198-2009

BEFORE:  BOWES, STABILE, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 27, 2017**

Luther S. Ryals Jr. appeals *pro se* from the January 18, 2017[1] order dismissing his serial PCRA petition.  We affirm.

On October 19, 2010, Appellant was sentenced to eight and one-half to twenty years imprisonment after a jury convicted him of possession with intent to deliver a controlled substance (cocaine), possession of a controlled substance (cocaine), and possession of drug paraphernalia.  Appellant and a confidential informant ("CI") had a business arrangement whereby Appellant

---

[1] We note that Appellant established to our satisfaction that he placed his notice of appeal in the prison mailbox on February 8, 2017, rendering this appeal timely filed.  ***See Smith v. Pennsylvania Bd. of Prob. & Parole***, 683 A.2d 278 (Pa. 1996) (a *pro se* prisoner's notice of appeal is considered filed when he places that document in the prison's mailbox).

---

*  Retired Senior Judge specially assigned to the Superior Court.

would transfer possession of cocaine to the CI, the CI would sell the cocaine to other individuals, and the CI would then pay Appellant for the previously-delivered cocaine. On September 10, 2008, police conducted a controlled buy with the CI, who gave Appellant $3,300 in marked currency to pay for a past transfer of cocaine. In return, Appellant handed the CI 1.86 ounces of cocaine.

On August 31, 2011, Appellant's judgment of sentence was affirmed, and he did not seek further review. *Commonwealth v. Ryals*, 32 A.3d 848 (Pa.Super. 2011) (unpublished memorandum). Appellant filed a timely PCRA petition, counsel was appointed, and counsel filed a no-merit letter and petition to withdraw. After the PCRA petition was denied and counsel was permitted to withdraw, Appellant filed an appeal. We affirmed the denial of PCRA relief, and our Supreme Court denied further review. *Commonwealth v. Ryals*, 62 A.3d 460 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 65 A.3d 414 (Pa. 2013).

Appellant filed his second PCRA petition on May 28, 2015, counsel was appointed, and counsel subsequently filed a no-merit letter and petition to withdraw. Counsel thereafter was permitted to withdraw, and the PCRA court denied relief. We affirmed, concluding that the 2015 petition was untimely since Appellant's judgment of sentence became final for purposes of the PCRA on September 30, 2011, and he had until September 30, 2012, to present a timely request for PCRA relief. *Commonwealth v. Ryals*,

- 2 -

2016 WL 5923443 (Pa.Super. 2016) (unpublished memorandum). In that appeal, Appellant raised a claim that his sentence was illegal under **Alleyne v. United States**, 133 S.Ct. 2151 (2013), which rendered invalid, under the United States Constitution, most of Pennsylvania's mandatory minimum statutes. We noted that **Alleyne** is not applied retroactively in a collateral proceeding attacking the imposition of a mandatory minimum sentence. **See Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016).

While the appeal from the denial of his May 28, 2015 PCRA petition was pending, Appellant filed another *pro se* PCRA petition on August 30, 2016. On November 21, 2016, after the prior appeal was resolved, Appellant resubmitted that August 30, 2016 petition. This appeal followed dismissal of the petition as untimely filed. Appellant raises these issues for our review:

> 1. Did the Trial Court err by failing to sentence the Defendant under the sentencing guidelines and, in fact, by sentencing him well in excess of those guidelines without setting forth a legal standard reason for the deviation from the aggravated range, either on the record or in writing.

> 2. Did the Trial Court err by failing to grant the Defendant's request for a determination of receiving the Recidivism Risk Reduction Incentive Program (RRRI), when Defendant was eligible and to modify sentence.

Appellant's brief at 5.

Initially, we observe, "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA

court's determination is supported by the record evidence and free of legal error." ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269 (Pa.Super. 2016). It is axiomatic that all PCRA petitions must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). We previously found that Appellant's judgment of sentence became final on September 30, 2011, and he had until September 30, 2012, to present a timely request for PCRA relief. His 2016 PCRA petition is untimely. While there are three exceptions to the one-year time bar of § 9545, 42 Pa.C.S. § 9545(b)(1) (i-iii), Appellant fails to invoke any of them. Instead, his mistaken position is that this is a direct appeal from his judgment of sentence. Appellant's brief at 6. As Appellant has failed to invoke an exception to establish the timeliness of his latest request for PCRA relief, we affirm.

Order affirmed.

*Judgment Entered.*

_____

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/27/2017*