J-S23017-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONOTHAN E. PRATHER | : | |
| | : | |
| Appellant | : | No. 1099 WDA 2018 |

Appeal from the PCRA Order Entered July 18, 2018
In the Court of Common Pleas of Potter County Criminal Division at
No(s):  CP-53-CR-0000004-2012

BEFORE:   BENDER, P.J.E., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY NICHOLS, J.:                              FILED MAY 21, 2019

Appellant Jonothan E. Prather appeals pro se from the order dismissing his untimely third petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant claims that his discovery of McWilliams v. Dunn, 137 S. Ct. 1790 (June 19, 2017), provides an exception to the PCRA's time-bar.  We affirm.

The PCRA court set forth the relevant facts of this appeal as follows:

By way of history, on February 22, 2012, [Appellant], who was an indigent defendant, pled guilty to one count of first-degree murder.[1]   Thereafter, on March 26, 2012, [Appellant] was sentenced by the [c]ourt to life imprisonment, without possibility of parole, and a $50,000 fine.  [Appellant] previously filed a PCRA petition on June 25, 2014, which was denied [on March 3, 2015]. Additionally, [Appellant] filed a second PCRA [petition] on March

_____

* Retired Senior Judge assigned to the Superior Court.

[1] At the time of his plea, Appellant was represented by Brent Petrosky, Esq.

22, 2016, which was denied. . . . [This Court affirmed the order denying PCRA relief, and our Supreme Court denied Appellant's petition for allowance of appeal on April 3, 2018. See Commonwealth v. Prather, 169 A.3d 1168 (Pa. Super. 2017) (unpublished mem.), appeal denied, 183 A.3d 976 (Pa. Apr. 3, 2018).]

On April 20, 2018, [Appellant] filed the instant [pro se] PCRA [petition] contending that his counsel was ineffective for failing to seek further psychiatric evaluations to help prepare an insanity defense or a diminished capacity defense.

\* \* \*

[Appellant] contend[ed] that McWilliams . . . provides an exception to the time-bar under 42 Pa.C.S. § 9545(b)(1)(iii).

Pa.R.Crim.P. 907 Notice, 5/22/18, at 1-2.

On May 22, 2018, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's petition without a hearing. The court determined that Appellant's reliance on McWilliams did not qualify as an exception to the PCRA's time-bar under section 9545(b)(1)(iii):

McWilliams was based on clearly established federal law from Ake [v. Oklahoma, 470 U.S. 68 (1985)]: that when a defendant is indigent, his mental condition is relevant to the punishment he might suffer, and [when] that mental condition is seriously in question, the State must provide, upon counsel's request, the assistance of a mental health expert who is sufficiently available to the defense, and independent from the prosecution, to effectively assist in the evaluation, preparation, and presentation of the defense. The Supreme Court in McWilliams, which [Appellant] predicates his timeliness argument under, merely interpreted Ake's holdings and did not establish a new Constitutional right.

Id. at 5.

On June 27, 2018, Appellant filed a pro se motion to amend the PCRA petition. Appellant argued that his current petition "erroneously quoted 42

- 2 -

Pa.C.S. [§] 9545(b)(1)(iii), when he clearly should have filed his petition pursuant to [section] 9545(b)(1)(ii). . . ." Mot. to Amend, 6/27/18, at 2 (unpaginated). Further, Appellant claimed that he "was never aware of the decision in Ake," and his discovery of the McWilliams Court's analysis of Ake amounted to a previously unknown fact. Id.

On July 18, 2018, the PCRA court dismissed Appellant's "petition and amendment."[2] Order, 7/18/18 (some capitalization omitted). Appellant timely filed a pro se notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On December 19, 2018, the PCRA court filed a responsive opinion concluding that Appellant had failed to prove the applicability of any exception to the PCRA's timeliness requirements.

Appellant now raises four questions for our review:

[1.] Did the [PCRA] court err when it dismissed [Appellant's] PCRA petition as untimely?

[2.] Did the [PCRA] court abuse its discretion in not allowing [Appellant] the chance to amend his PCRA petition?

[3.] Was trial counsel ineffective for not pursuing further psychological testing for [Appellant]?

[4.] Did the [PCRA] court err when it failed to hold an evidentiary hearing pursuant to Pa.R.Crim.P. 908, to hear the testimony of the expert witnesses . . . as to the reports they gave in regards to the examination of [Appellant]?

_____

[2] The text of the order demonstrates that the PCRA court considered the merits of the arguments raised in Appellant's pro se motion to amend.

- 3 -

Appellant's Brief at 9.

We address Appellant's first three claims together, as they assert error in the PCRA court's conclusion that Appellant untimely filed the current petition. Appellant relies on section 9545(b)(1)(ii), claiming that the decision in McWilliams "was [a] newly discovered fact to [Appellant], as he had never heard of a standard pertaining to psychological examinations for criminal defendants or that there was a predecessor case that McWilliams was based off of." Id. at 14. Appellant emphasizes that a "pro se petitioner does not have access to information otherwise readily available to the public," and "the fact that [Appellant] had waited almost seven years [to raise the current claims] should not be taken into consideration when deciding whether this instant petition [is] timely." Id. at 14, 16. Further, Appellant contends he acted with due diligence by filing the current petition within days of the Pennsylvania Supreme Court's denial of the petition for allowance of appeal related to his prior PCRA petition. Id. at 13.

Regarding his motion to amend, Appellant claims the PCRA court's Rule 907 notice alerted him to the fact that he "erroneously quoted 42 Pa.C.S. § 9545(b)(1)(iii), when he clearly should have filed his petition pursuant to [section] 9545(b)(1)(ii)." Id. at 18. Appellant insists he "can find no reason as to why the [PCRA c]ourt would not allow [him] to amend his PCRA petition to achieve substantial justice and [proceed] with the claims in his petition." Id. Moreover, Appellant maintains that the current petition raises genuine issues of material fact, because he demonstrated trial counsel's

- 4 -

ineffectiveness for failing to pursue additional psychiatric testing.[3]  Id. at 19-20.

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error."  Commonwealth v. Lawson, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

It is well-settled that "the timeliness of a PCRA petition is a jurisdictional [pre-]requisite."  Commonwealth v. Brown, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted).  "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final."  Id.  (citation omitted).  "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'"  Id. (quoting 42 Pa.C.S. § 9545(b)(3)).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

_____

[3] Although he acknowledges that before his plea, counsel facilitated some psychiatric evaluation, Appellant complains that "none of it was used to formulate a defense," and "[c]ounsel was not even willing to discuss the results" of the testing after he learned that one of the experts deemed Appellant competent to stand trial.  Appellant's Brief at 22.

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Significantly, "the Pennsylvania Supreme Court has held that 'subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA.'" Commonwealth v. Whitehawk, 146 A.3d 266, 271 (Pa. Super. 2016) (quoting Commonwealth v. Watts, 23 A.3d 980, 987 (Pa. 2011)).

Instantly, there is no dispute that Appellant failed to file the instant PCRA petition within one year of his judgment of sentence becoming final. To the extent Appellant attempts to characterize the McWilliams decision as a previously unknown fact, we reiterate that subsequent judicial decisions do not amount to new "facts" under section 9545(b)(1)(ii). See Whitehawk, 146 A.3d at 271. Accordingly, the PCRA court properly dismissed Appellant's current petition as untimely filed. See Brown, 111 A.3d at 175.

In his final issue, Appellant claims that the PCRA court failed to conduct a hearing, even though Appellant "met the criteria for an evidentiary hearing when he showed the [c]ourt that his PCRA petition contained genuine issues of material fact that were supported by the record. . . ." Appellant's Brief at

31. Nevertheless, "a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." Commonwealth v. Burton, 158 A.3d 618, 622 n.4 (Pa. 2017) (citations omitted). Here, Appellant failed to raise any genuine issue of fact regarding the timeliness of his petition, and the PCRA court lacked jurisdiction to consider his claims. Therefore, the court did not err in dismissing Appellant's petition without a hearing. See id.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2019