J-S04040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS CRUZ | : | |
| | : | |
| Appellant | : | No. 1660 EDA 2024 |

Appeal from the PCRA Order Entered January 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1204731-1994

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JANUARY 31, 2025**

Carlos Cruz appeals, *pro se*, from the order entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After review, we affirm.

On December 21, 1995, a jury convicted Cruz of second-degree murder, two counts of robbery, and one count each of aggravated assault, conspiracy, carrying a firearm on public streets or public property in Philadelphia, and possessing an instrument of crime.[1]  On March 11, 1996, the court sentenced Cruz to life in prison followed by an aggregate term of 13½ to 27 years' incarceration.  Cruz did not file a direct appeal.

---

*Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(b), 3701, 2702, 903, 6108, and 907, respectively.

On June 17, 1996, Cruz timely filed his first PCRA petition, *pro se*. The PCRA court appointed counsel, who filed an amended petition, which the court denied on January 7, 1999. This Court affirmed the denial of PCRA relief on July 5, 2000, and our Supreme Court denied the petition to appeal on January 30, 2001. **See Commonwealth v. Cruz**, 761 A.2d 1231 (Pa. Super. 2000) (table), **appeal denied**, 771 A.2d 1278 (Pa. 2001) (table). Cruz filed multiple subsequent PCRA petitions, including the instant one, filed on August 5, 2022.

In his instant petition, Cruz alleges that he satisfied the newly-discovered facts exception to the PCRA's jurisdictional time-bar because he attached the affidavit of Keith Conde, a close friend of Cruz's nephew, Jonny Colon. In the affidavit, Conde swears that Cruz was not the shooter and states that, at the time of the shooting, Conde and Cruz happened to be conversing with each other near the shooting location. Conde also states that Cruz was unarmed that day and that, at the time of the shooting, Conde and Cruz took cover together behind a parked car with an open trunk and stayed there until the shooting stopped.

On December 8, 2023, the PCRA court issued notice of its intent to dismiss Cruz's petition without a hearing, pursuant to Pa.R.Crim.P. 907. Cruz filed a *pro se* response on December 20, 2023, in large part restating what he alleged in his petition and noting that he was unaware "Conde was anywhere near him when the shooting occurred." *Pro Se* Response to Pa.R.Crim.P. 907 Notice, 12/20/23, at ¶ 8. On January 8, 2024, the PCRA court dismissed Cruz's instant serial PCRA petition without a hearing. Cruz filed a timely notice

- 2 -

of appeal on January 22, 2024. The court did not order Cruz to file a concise statement pursuant to Pa.R.A.P. 1925, and Cruz did not file one.

On appeal, Cruz raises the following issue for our review: "Did the PCRA [c]ourt err in finding [Cruz's instant] petition untimely when newly[-]discovered facts were discovered on June 22, 2022, and filed on August 5, 2022, well within the one [] year statute of limitations according to 42 Pa.C.S.[ §] 9545 (b)(1)(ii)(2)?" Appellant's Brief, at 3.

Our standard of review of the court's dismissal of a PCRA petition is well-settled: "[appellate review] is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. Before addressing the merits of [the] [a]ppellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition." *Commonwealth v. Whitehawk*, 146 A.3d 266, 269 (Pa. Super. 2016) (citations omitted).

Our Supreme Court has explained the PCRA's jurisdictional requirements as follows:

> [a] PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by th[e Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. [*Id.* at] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places

upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions[.]

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (some citations and footnote omitted).

Instantly, Cruz alleges the newly-discovered facts exception applies, which provides an exception to the timeliness requirement if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). The PCRA mandates that a petition invoking a timeliness exception must be filed within one year of the date on which the claim could have been presented. ***See Commonwealth v. Towles***, 300 A.3d 400, 415 (Pa. 2023); 42 Pa.C.S. § 9545(b)(2).

Here, Cruz's judgment of sentence became final on April 10, 1996, when the time expired for him to file a notice of appeal. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). The instant petition, filed over twenty-six years after Cruz's judgment of sentence became final, is patently untimely, unless Cruz can plead and prove that one of the enumerated exceptions to the PCRA's time-bar applies. ***See Jones***, ***supra***.

To show that his petition satisfies the newly-discovered fact exception to the PCRA's jurisdictional time-bar, Cruz explains Conde's role in providing newly-discovered facts in his case by arguing that

> [o]n September 23, 1994, as [Cruz] was walking down the street talking with some friends[, he] vaguely remembers hearing someone call his name. He looked up in response and greeted Keith Conde, who at the time was only 14 years old. Shortly thereafter[,] gunfire erupted[,] which caused everyone to duck

and scatter going in different directions. This was the last time [Cruz saw] Conde. [Cruz was] arrested two [] months later, convicted a year later, and has been sitting in prison for the last 30 years. [Cruz] had no expectations that a 14[-]year[-]old would remember anything of the events of over 30 years ago.

Appellant's Brief, at 7. To further explain how his instant petition satisfies the newly-discovered facts exception, Cruz claims that he

has met the due diligence requirement exceptions by filing [the instant] PCRA [p]etition in a timely manner when [the] relied[-]upon affidavit was received from a close relative. [Cruz] did not know, at the time of trial, that [] Conde was willing to testify, or that he was even able to [because] he was a very young teenager [] when the shooting happened. [Cruz] had no further contact with him or [] Colon[] during trial or immediately thereafter. It wasn't until years (decades) later that family members began to assist in [Cruz]'s litigation due to the District Attorney's Conviction Integrity Unit [a]pplication that was filed. This most recent filing caused conversation between [] Colon and [] Conde, long[-]time close friends, about the trial and conviction of [Cruz] for a crime he did not commit.

*Id.* at 10.

This Court has explained that, for a PCRA petitioner to satisfy the newly-discovered facts exception, the petitioner

must plead and prove facts that were unknown to the petitioner despite the exercise of due diligence. Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party put forth reasonable effort to obtain the information upon which a claim is based. The petitioner must offer evidence that he exercised due diligence in obtaining facts upon which his claim was based. The question of whether a petitioner, based upon the circumstances of a particular case, would have been unable to discover the newly-discovered fact notwithstanding the exercise of due diligence is a question that requires fact-finding, and the PCRA court, as the fact-finder, should determine whether a petitioner demonstrated this requirement of the exception.

*Commonwealth v. Branthafer*, 315 A.3d 113, 128 (Pa. Super. 2024) (citations, quotations marks, and brackets omitted). "The focus of the exception is on the newly[-]discovered *facts,* not on a newly[-]discovered or newly[-]willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (citation, quotation marks, and brackets omitted; emphasis in original).

Here, the facts on which the exception is based are Cruz was not the shooter and Conde knows that Cruz was not the shooter because Conde took cover behind a car with Cruz during the shooting. The PCRA court concluded that Cruz failed to establish a new fact and failed to exercise due diligence to obtain Conde's testimony at trial. *See* PCRA Court Opinion, 6/8/24, at 2-3 (unpaginated). We agree with the PCRA court, especially where Conde's affidavit states that he "greeted" Cruz at the scene before they took cover together behind a vehicle. *See* Affidavit of Keith Conde, 6/14/22, at 2 (unpaginated). Further, Cruz's brief also notes that he "greeted" Conde "shortly" before the gunfire erupted. Appellant's Brief, at 7. The record reflects that Cruz knew that he took refuge with Conde behind a car at the time of the shooting. Nevertheless, Cruz fails to explain what reasonable efforts he made to seek Conde's testimony at his trial. *See Branthafer*, 315 A.3d at 130-31 (PCRA petitioner failed to satisfy newly-discovered facts exception where facts of his own whereabouts at time of commission of crime were always known to him); *see also Commonwealth v. Brown*, 111 A.3d 171, 178 (Pa. Super. 2015) (PCRA petitioner failed to invoke newly-discovered

facts exception where petitioner was aware of witness to incident from time of incident, but petitioner failed to make reasonable efforts to seek exculpatory trial testimony from such witness). Moreover, we conclude that Conde is merely a newly-willing source for those previously known facts of Conde's and Cruz's whereabouts at the relevant time. *See Johnson*, *supra*. Accordingly, we conclude that Cruz's petition fails to satisfy the newly-discovered facts exception to the PCRA jurisdictional time-bar. *See Whitehawk*, *supra*; *Jones*, *supra*; *Towles*, *supra*.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/31/2025