J-S71015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TYRONE BRAND | : | |
| Appellant | : | No. 1089 EDA 2017 |

Appeal from the PCRA Order March 21, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1229711-1986

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

JUDGMENT ORDER BY PANELLA, J.              **FILED MARCH 12, 2018**

*Pro se* Appellant, Tyrone Brand's petition pursuant to the Post Conviction Relief Act ("PCRA") was dismissed as untimely by the PCRA court. On appeal, Brand argues the PCRA court erred in concluding he had not established the newly-discovered evidence exception to the PCRA's time-bar. After careful review, we affirm.

After Brand waived his right to a jury trial, the trial court found him guilty of, among other charges, the first-degree murder of Robin Harris. The court sentenced Brand to life in prison. This Court affirmed his judgment of sentence, and the Supreme Court of Pennsylvania denied his request for *allocatur* on May 14, 1991.

Brand filed the current PCRA petition, his second, on August 20, 2012, asserting his sentence was unconstitutional under ***Miller v. Alabama***, 567

_____

* Retired Senior Judge assigned to the Superior Court.

U.S. 460 (2012). Brand filed a timely appeal after the PCRA court dismissed his petition as untimely.

There is no doubt Brand's petition, filed over 21 years after his judgment of sentence became final, is untimely under the PCRA. *See Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) ("A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final[.]") If a PCRA petition is facially untimely, the petitioner must plead and prove the applicability of one of three timeliness exceptions in order to invoke the jurisdiction of the PCRA. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).

Initially, Brand contends his discovery of newspaper articles describing *Miller* and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), establishes the newly-discovered fact exception to the PCRA's time-bar under 42 Pa.C.S.A. § 9545(b)(1)(ii). New case law does not constitute a newly-discovered fact under section 9545(b)(1)(ii). *See Commonwealth v. Whitehawk*, 146 A.3d 266, 270-71 (Pa. Super. 2016). Even if it did, Brand would not qualify, as the record indicates he was thirty-eight years old when he murdered Robin Harris. Thus, Brand's first argument merits no relief on appeal.

Next, Brand argues he recently discovered he did not waive his right to a sentencing jury in writing, in violation of 42 Pa.C.S.A. § 9711(b). Clearly,

Brand was aware that he was not sentenced by a jury when he received his sentence. Giving his argument the most favorable possible interpretation, he is arguing he was unaware his waiver of his right to a jury was required to be in writing.

This does not constitute a newly-discovered fact. Rather, it is an allegation of ineffectiveness of trial and/or sentencing counsel. Such an allegation cannot form the basis of a section 9545(b)(1)(ii) exception. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000).

In his final argument on appeal, Brand contends the sentencing court lacked subject matter jurisdiction to sentence him, as his file with the Department of Corrections does not contain a copy of the court's sentencing order. Ultimately, however, the only link between Brand's legal theory, lack of subject matter jurisdiction, and his factual assertion, the absence of the sentencing order, is his contention that there is no evidence he waived his right to a sentencing jury. We have already concluded that this contention cannot satisfy section 9545(b)(1)(ii)'s demands. As such, Brand's final argument merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/18