J-S76023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MORRIS WILLIS | |
| Appellant | No. 818 EDA 2017 |

Appeal from the PCRA Order entered February 8, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0820513-1985

BEFORE: PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 16, 2018**

Appellant, Morris Willis, appeals *pro se* from an order entered February 8, 2017 in the Philadelphia Court of Common Pleas dismissing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, and for *habeas corpus* relief. We affirm.

In 1985, when Appellant was twenty years old, he was arrested and charged with first degree murder and criminal conspiracy in connection with the shooting death of James Reynolds. A jury found him guilty of these charges, and the trial court sentenced him to life imprisonment. On direct appeal, Appellant argued that the trial court erred when it refused to instruct

---

[*] Retired Senior Judge assigned to the Superior Court.

the jury to consider whether another individual, Francine Williams, was an accomplice in Reynolds' murder. This Court affirmed, concluding that the trial court correctly determined that Williams was not an accomplice and, therefore, Appellant was not entitled to the jury instruction. ***Commonwealth v. Willis***, 556 A.2d 403, 409 (Pa. Super. 1989). On July 2, 1990, the Supreme Court denied Appellant's petition for allowance of appeal.

Appellant filed a petition for post-conviction relief arguing that trial counsel was ineffective for failing to raise a challenge to the accomplice instruction. The court denied his petition, and this Court affirmed on March 7, 1996, holding that the trial court gave the correct instruction.

On June 6, 2008, Appellant filed a second PCRA petition. The petition was denied as untimely, and this Court affirmed on May 17, 2010. On August 23, 2011, Appellant filed a petition for writ of *habeas corpus*. Because his claims were cognizable under the PCRA, it was treated as a PCRA petition and dismissed as untimely. This Court affirmed on February 19, 2013, and the Supreme Court denied Appellant's petition for allowance of appeal on August 26, 2013.

On September 25, 2013, Appellant filed the petition presently in question, which he labeled a *habeas corpus* petition. Appellant alleged that his imprisonment was unlawful because the Department of Corrections ("DOC") was unable to produce his sentencing order. On March 4, 2016 and April 4, 2016, Appellant filed supplemental petitions raising claims that were

cognizable under the PCRA. On October 19, 2016, the PCRA court entered a notice of intent under Pa.R.Crim.P. 907 to dismiss Appellant's petition without a hearing. On November 1, 2016, Appellant filed a response in opposition to the Rule 907 notice. On February 8, 2017, the PCRA court dismissed the PCRA claims in the petition as untimely and the *habeas corpus* claim as meritless. Appellant filed a timely notice of appeal. The PCRA court filed a Pa.R.A.P. 1925(a) opinion without ordering Appellant to file a statement of errors complained of on appeal.

Appellant raises three issues on appeal, which we have re-ordered for the sake of convenience:

> 1. Whether Appellant is entitled to Post Conviction Relief in the form of a new sentencing hearing as a result of after-discovered mitigating evidence concerning recent finding in Brain Science and Social Science?
>
> 2. Whether Appellant's sentence is a nullity as the Pennsylvania Penal Statute 18 Pa.C.S.[A.] §§ 1102(a) and (b) is unconstitutional and void under the vagueness doctrine?
>
> 3. Whether the trial court abused its discretion in dismissing Appellant's Petition for Writ of Habeas Corpus since he is confined absent a Sentencing Order required by 42 Pa.C.S.A. § 9764(a)(8)?

Appellant's Brief at 3.

In his first argument, Appellant contends that he is entitled to PCRA relief based on his "recent" discovery of **Miller v. Alabama**, 567 U.S. 460 (2012), which held that the Eighth Amendment does not permit mandatory sentences of life in prison without the possibility of parole for homicide offenders who were under eighteen years old at the time of their crimes.

Appellant's Brief at 13. Appellant claims that "the Brain Science and Social Science revealed to [him] by **Miller v. Alabama** . . . constitutes after-discovered evidence." **Id.**

As a threshold matter, we must determine whether the PCRA court erred in dismissing as untimely Appellant's PCRA claims. The PCRA contains the following restrictions governing the timeliness of any PCRA petition:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, "the PCRA confers no authority" upon courts "to fashion ad hoc equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, Appellant's judgments of sentence became final on September 30, 1990, ninety days after the Supreme Court denied his petition for allowance of appeal in his direct appeal. *See* 42 Pa.C.S.A. § 9545(b)(3). He filed his *habeas corpus* petition on September 25, 2013 and appended the *Miller* claim in a supplemental petition on April 14, 2016. His *Miller* claim is facially untimely under 42 Pa.C.S.A. § 9545(b)(1).

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant alleges that he is entitled to relief under the newly-discovered evidence exception in Section 9545(b)(1)(ii). We disagree, because the judicial opinion in *Miller* is not a new fact. *Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016) (subsequent decisional law does not amount to a new "fact" under Section 9545(b)(1)(ii)).

Neither is Appellant's claim timely under the retroactively applied constitutional right exception in Section 9545(b)(1)(iii). Although the United

States Supreme Court held in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), that **Miller** applies retroactively to cases on state collateral review, **Miller** does not apply to Appellant because he was over eighteen at the time of Reynolds' murder. **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (petitioners who were older than eighteen at the time they committed murder are not within **Miller**'s ambit).

Finally, even if **Miller** applied to Appellant, the sixty-day period for raising **Miller** claims under Section 9545(b)(2) began to run on January 25, 2016, the date of **Montgomery**'s issuance. **See Commonwealth v. Woods**, 2017 PA Super 181, 2017 WL 2536525, at *5 (filed June 12, 2017). Appellant failed to raise his **Miller** claim until April 14, 2016, more than sixty days after **Montgomery's** issuance. Therefore, this claim is time-barred under Section 9545(b)(2).

In his second argument, Appellant claims that his sentence is unconstitutional because 18 Pa.C.S.A. § 1102 is void for vagueness. Section 1102(a)(1) prescribes that a person convicted of first degree murder "shall be sentenced to death or to a term of life imprisonment." Appellant maintains that Section 1102(a) does not give fair notice that "a term of life imprisonment" is in reality "a term of life imprisonment without parole." Appellant's argument is time-barred.

> [A] challenge to the legality of one's sentence does not allow him to evade the PCRA's timeliness requirements. In fact, in **Commonwealth v. Fahy**, [] 737 A.2d 214 (1999), the Pennsylvania Supreme Court rejected this contention. The **Fahy**

Court stated, "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Id.* [], 737 A.2d at 223 (citation omitted). Thus, Appellant cannot elude the PCRA's timeliness requirements based on a claim of an illegal sentence.

*Woods*, *supra*, at *5. Here, Appellant's judgment of sentence became final on September 30, 1990, but he did not raise this constitutional challenge until he filed his supplemental petition on March 4, 2014. As such, it is facially untimely. Neither does it satisfy any of the three exceptions to the one-year time limitation in Section 9545(b)(1)(i-iii), because (1) there was no government interference; (2) the claim does not involve a newly-discovered fact, and (3) the claim does not involve a constitutional right that has been held to apply retroactively by either the United States or Pennsylvania Supreme Courts.

In his third and final argument, a *habeas corpus* claim, Appellant asserts that he is confined unlawfully because the DOC does not possess a written sentencing order in violation of 42 Pa.C.S.A. § 9764. *See* 42 Pa.C.S.A. § 9764(a)(8) ("Upon commitment of an inmate to the custody of the [DOC], the sheriff or transporting official shall provide to the institution's records officer or duty officer . . . [a] copy of the sentencing order").

The court below correctly rejected this argument. In *Joseph v. Glunt*, 96 A.3d 365 (Pa. Super. 2014), this Court held:

The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an

inmate from county to state detention. None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

*Id.* at 371. Moreover, the DOC may lawfully detain a prisoner without a written sentencing order if the record, including the criminal docket, authorizes his imprisonment. *Id.* at 372. Appellant's record and criminal docket show that the trial court sentenced him to a mandatory term of life imprisonment. Appellant himself acknowledges that he was convicted of first degree murder and sentenced to life imprisonment. Accordingly, this argument fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/18