J-S19038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| TODD M. HALL | : | |
| | : | |
| Appellant | : | |
| | : | No. 1032 EDA 2017 |

Appeal from the PCRA Order February 10, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.:  CP-51-CR-0014037-2010
CP-51-CR-0014049-2010

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED MAY 07, 2018**

Appellant, Todd M. Hall, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 19, 2011, Appellant was convicted of two counts each of conspiracy, possessing an instrument of a crime, and carrying a firearm without a license, and one count each of aggravated assault, robbery, and persons not to possess a firearm.  The charges stem from Appellant's robbery of a victim at gunpoint, and his firing of his weapon at a pursuing vehicle.  On November 4, 2011, the trial court sentenced Appellant to a term of not less than eighteen nor more than thirty-six years' incarceration.   This Court

_____
*   Retired Senior Judge assigned to the Superior Court.

affirmed the judgment of sentence on April 23, 2013. Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

Appellant, acting *pro se*, filed the instant PCRA petition on November 30, 2015. Appointed counsel filed an amended petition on July 8, 2016. The PCRA court entered its order dismissing the petition on February 10, 2017. This timely[1] appeal followed.[2]

Appellant raises the following issues for our review:

> 1. Should this matter be remanded to the PCRA court for a hearing on the merits and restoration of [Appellant's] right to file a petition for allowance of appeal to the Superior [sic] Court on his direct appeal?
>
> 2. Should the proposed quash be denied and should this appeal be determined on the merits[?[3]]

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

_____

[1] The deadline for filing a timely notice of appeal was March 13, 2017; the docket reflects a file date of March 16, 2017 for Appellant's notice of appeal. **See** Pa.R.A.P. 903(a); 1 Pa.C.S.A. § 1908. However, we deem Appellant's *pro se* notice of appeal, dated March 12, 2017 (with accompanying certificate of service bearing the same date), timely filed pursuant to the prisoner mailbox rule. **See Commonwealth v. Jordan**, 2018 WL 1476241, at *1 n.3 (Pa. Super. filed Mar. 27, 2018) (explaining that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

[2] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on May 22, 2017. The PCRA court entered an opinion on August 25, 2017. **See** Pa.R.A.P. 1925.

[3] In this issue, Appellant maintains that this appeal is timely pursuant to the prisoner mailbox rule. (**See** Appellant's Brief, at 12, 23; **see also** Response to Rule to Show Cause, 5/24/17, at 5 ¶ 9). Because we have applied the prisoner mailbox rule in this case, we need not address this claim further.

We begin by addressing the timeliness of Appellant's petition.

. . . [A] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) . . . and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

*Commonwealth v. Robinson*, 139 A.3d 178, 185-86 (Pa. 2016) (quotation marks and citations omitted).

In the instant case, Appellant's judgment of sentence became final on May 23, 2013, when his time to file a petition for allowance of appeal with our Supreme Court expired. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until May 23, 2014, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on November 30, 2015, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2). "If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017) (citation omitted).

Here, Appellant has not established the applicability of any of the three exceptions to the PCRA's time-bar. (*See* Appellant's Brief, at 13-22). Instead, he raises ineffective assistance of counsel claims, alleging, *inter alia*, that direct appeal counsel was ineffective for failing to file a petition for allowance of appeal with our Supreme Court. (*See id.* at 4, 13, 17, 22). Appellant

acknowledges that his PCRA petition is untimely, and "requests this [] Court to revisit the jurisdictional bar of the [PCRA] in light of the paramount Constitutional right to appeal." (***Id.*** at 19; ***see id.*** at 14). He concedes that "[t]he effect of existing case law is that the jurisdictional limits of the PCRA" bar review of his claims, but asks that we nevertheless review them "[a]s a matter of public concern and individual justice[.]" (***Id.*** at 22; ***see id.*** at 17, 21). This we cannot do.

As previously stated, "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended **only** by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." ***Robinson***, ***supra*** at 185 (citation omitted; emphasis added). Furthermore, "[t]his Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court." ***Commonwealth v. Slocum***, 86 A.3d 272, 278 n.9 (Pa. Super. 2014) (citation omitted). Thus, we are bound by existing precedent, and decline Appellant's invitation to reconsider it.

Regarding Appellant's claims of ineffective assistance of counsel, (***see*** Appellant's Brief, at 12-22), "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v Wharton***, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted).

Finally, we note with respect to Appellant's passing, vague assertion that his sentence is illegal pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013),[4] that such claim does not allow him to circumvent the PCRA's timeliness requirements. (**See** Appellant's Brief, at 13, 22).[5] It is well settled that, "an appellant must present an illegal sentencing claim in a timely PCRA petition over which this Court has jurisdiction." **Commonwealth v. Whitehawk**, 146 A.3d 266, 270 (Pa. Super. 2016) (citations omitted) (explaining that such claim must satisfy PCRA's time limits or exception thereto). Further, our Supreme Court has addressed the retroactive effect of **Alleyne**, and has expressly held "that **Alleyne** does not apply retroactively to cases pending on collateral review[.]" **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). Thus, Appellant's claim based on **Alleyne** fails.

In sum, we conclude Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the PCRA's time-bar. **See Robinson**, **supra** at 186. Accordingly, we affirm the order of the PCRA court.

_____

[4] In **Alleyne**, the Supreme Court of the United States held that the Sixth Amendment requires that facts that increase a mandatory minimum sentence for an offense must be submitted to the jury and proven beyond a reasonable doubt. **See Alleyne**, **supra** at 2163.

[5] This undeveloped assertion was not included in Appellant's statement of the questions involved or fairly suggested thereby. (**See** Appellant's Brief, at 4); Pa.R.A.P. 2116(a), 2119(a). We will briefly address it for the sake of completeness.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/18