J-S71033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSE GUERRIOS :
:
Appellant : No. 693 EDA 2017

Appeal from the PCRA Order January 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005874-2008

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 19, 2019**

Appellant Jose Guerrios appeals from the order dismissing as untimely his serial petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant claims that the PCRA court erred in dismissing his PCRA petition as untimely because he met the new constitutional right exception. *See* 42 Pa.C.S. § 9545(b)(1)(iii). We affirm.

On November 13, 2008, Appellant entered a negotiated guilty plea to third-degree murder, carrying a firearm without a license, and possessing instruments of crime. On December 1, 2008, the trial court sentenced Appellant to an aggregate term of twenty-five to fifty years' incarceration.[1] Appellant did not immediately file a post-sentence motion or a direct appeal.

---

[1] Appellant's conviction for third-degree murder was subject to a five-year mandatory minimum sentence for visible possession of a firearm. *See* 42 Pa.C.S. § 9712.

On June 17, 2009, Appellant filed a *pro se* PCRA petition requesting that his appeal rights be reinstated *nunc pro tunc*. The PCRA court appointed counsel who filed an amended PCRA petition. On August 6, 2010, the PCRA court denied Appellant's petition, finding that Appellant did not request a direct appeal. Appellant appealed, and this Court affirmed on September 8, 2011. On March 23, 2012, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

On December 6, 2012, Appellant filed a "Petition for Modification of Sentence *Nunc Pro Tunc*," claiming that PCRA counsel was ineffective for failing "to file post verdict motions on [Appellant's] behalf upon request." Pet. for Modification of Sentence *Nunc Pro Tunc*, 12/6/12, at 2 (unpaginated). On October 9, 2014, the PCRA court responded to Appellant's December 6, 2012 filing, stating in relevant part:

> [W]hether you classified your request as a PCRA petition or as a "Petition for Modification of Sentence *Nunc Pro Tunc*," the outcome would be the same: your request has come too late after you should have taken action.
>
> * * *
>
> On December 6, 2012, nearly four years after your judgment of sentence became final, you filed a "Petition for Modification of Sentence *Nunc Pro Tunc*." We received this petition in chambers on February 7, 2013. In this petition, you advanced the claim that your PCRA counsel, John P. Cotter, Esquire, was ineffective for failure to file a motion for modification of sentence. Motions for modification of sentence are post-sentence motions that must be raised **within ten days** of imposition of sentence. Pa.R.Crim.P. 720. In your petition for modification, you allege that PCRA counsel John Cotter, Esquire, was ineffective for failure to file a petition for modification of sentence. However, had Mr. Cotter filed such a petition, it would have been denied for being untimely,

since Mr. Cotter was appointed well past the period within which he could have filed a post-sentence motion. Mr. Cotter thus could not have been ineffective for failing to file a motion for modification because there was no basis to gain relief at that point in time.

The PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect." However, a PCRA petition must be filed within one year [from when] the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b). Judgment of sentence becomes final upon the conclusion of all direct review, or upon the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(3). Thus, your petition for modification of sentence was untimely. A PCRA petition not filed within one year of the date that your judgment of sentence became "final" must allege, and you would be required to prove, one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1)(i)-(iii), as well as the "due diligence" provision of § 9545(b)(2). Your petition for modification of sentence does not allege any of the enumerated exceptions, nor could you even have proven that you acted with due diligence.

PCRA Ct. Op., 5/25/17, at Ex. A (footnotes omitted and emphasis in original).

The court did not enter an order dismissing or denying Appellant's filing.[2]

On March 9, 2015, Appellant filed the instant PCRA petition. On October 5, 2015, PCRA counsel entered his appearance on behalf of Appellant, and on March 9, 2016, filed an amended PCRA petition. Relevant to this appeal, Appellant claimed that his "decision to plead guilty was, in part, based on the Commonwealth's intention to seek a mandatory minimum sentence . . . under

---

[2] We note that the PCRA court's October 9, 2014 letter in response to Appellant's petition for modification of sentence *nunc pro tunc* is not in the certified record or entered on the docket. The court, however, has attached the October 9, 2014 letter to its Pa.R.A.P. 1925(a) opinion. **See** Trial Ct. Op., 5/25/17, at Ex. A.

- 3 -

***Alleyne v. United States***[, 570 U.S. 99 (2013),] and ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015)." Am. PCRA Pet., 3/9/16, at 4.

On December 1, 2016, the PCRA issued a notice of intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. On December 22, 2016, Appellant filed a *pro se* response to the Rule 907 notice. On January 13, 2017, the PCRA court dismissed Appellant's petition as untimely.

Appellant filed a timely *pro se* appeal and court-ordered Pa.R.A.P. 1925(b) statement of matters complained of on appeal. The PCRA court filed a responsive Pa.R.A.P. 1925(a) opinion.[3]

Appellant's sole issue on appeal states: "Whether the trial court erred in dismissing the Appellant's [PCRA] petition as untimely where, as here, the petition was filed within the sixty day period permitted by 42 Pa.C.S. [§]

---

[3] On September 7, 2017, after PCRA counsel failed to file a brief on behalf of Appellant, this Court remanded the appeal for the PCRA court to determine whether counsel had abandoned Appellant. Order, 9/7/17. On October 18, 2017, the PCRA court issued a response to this Court's order. In its response, the PCRA court stated that it was unclear why PCRA counsel was appointed following Appellant's March 9, 2015 PCRA petition. Resp. to Order, 10/18/17. The PCRA court further found that "as counsel was not appointed for the purpose of the instant appeal, and as petitioner was adequately advised of this fact, counsel did not abandon petitioner." ***Id.***

After reviewing this Court's order, the PCRA court's response, the certified record, the docket, and PCRA counsel's entry of appearance and filings on Appellant's behalf, we concluded that Appellant was still represented by PCRA counsel. Order, 9/7/17. Accordingly, because PCRA counsel had not been granted leave to withdraw from representation, this Court directed our Prothonotary to re-establish the briefing schedule. ***Id.*** On July 24, 2018, PCRA counsel filed a brief on Appellant's behalf.

9545(b)(1)(iii) and (b)(2) as it was, in fact, filed prior to the commencement of that time period." Appellant's Brief at v (full capitalization omitted).

Appellant argues that he meets the new exception under 42 Pa.C.S. § 9545(b)(1)(iii). *Id.* at 8. Appellant claims that he filed the instant PCRA petition in response to the PCRA court's 2014 letter, and that *Alleyne* and *Hopkins* apply to his case because he pled guilty to avoid the mandatory minimum provisions of 42 Pa.C.S. § 9712. *Id.* at 6, 8-9. Appellant further suggests that he timely raised this claim because the PCRA court by filing his petition before the Pennsylvania Supreme Court decided *Hopkins*. *Id.* at 6.

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

It is well-settled that "the timeliness of a PCRA petition is a jurisdictional [pre-]requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." *Id.* (citation omitted). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* (quoting 42 Pa.C.S. § 9545(b)(3)).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).[4]

The new constitutional right exception has two requirements: (1) "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section," and (2) "the right 'has been held' by 'that court' to apply retroactively." *Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa. Super. 2014) (citation and brackets omitted). The *Miller* Court explained that "a new rule of constitutional law is applied retroactively to cases on

---

[4] Moreover, a petition invoking any one of the exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). We note that the amended subsection (b)(2) providing that a petition must be filed within one year of the date the claim could have been presented applies only to claims arising on or after December 24, 2017; Appellant's claims predate that date. 2018 Pa. Legis. Serv. Act 2018-146 (West).

collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases." *Id.* at 995 (citations omitted).

Instantly, there is no dispute that Appellant failed to file the instant PCRA petition within one year of his conviction becoming final. In an attempt to overcome the PCRA time bar, Appellant contends that he meets 42 Pa.C.S. § 9545(b)(1)(iii) in light of *Alleyne* and *Hopkins*.

In *Alleyne*, the Supreme Court held that "any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt." *Commonwealth v. Washington*, 142 A.3d 810, 812 (Pa. 2016) (citing *Alleyne*, 570 U.S. at 116). The *Hopkins* Court did not rule on the retroactive application of *Alleyne*. Rather, it held that numerous provisions of 18 Pa.C.S. § 6317 were constitutionally infirm under *Alleyne*. *See Hopkins*, 117 A.3d at 262; *see also Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016).

Approximately a year after *Hopkins*, however, the Pennsylvania Supreme Court decided *Washington*. There, the Court "h[e]ld that *Alleyne* does not apply retroactively to cases pending on collateral review." *Washington*, 142 A.3d at 820.

Here, Appellant's sentence became final in January of 2009, when he did not appeal his conviction. *See* 42 Pa.C.S. § 9545(b)(3). Because the Pennsylvania Supreme Court has held that *Alleyne* does not apply

retroactively on collateral review, Appellant's attempt to invoke the new constitutional right exception fails.[5]  **See** 42 Pa.C.S. § 9545(b)(1)(iii); **Washington**, 142 A.3d at 820; **Whitehawk**, 146 A.3d at 271.  Accordingly, the PCRA court did not err in dismissing Appellant's petition as untimely.  **See Lawson**, 90 A.3d at 4.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/19

---

[5] We acknowledge that in **Commonwealth v. DiMatteo**, 177 A.3d 182 (Pa. 2018), the Pennsylvania Supreme Court clarified that a PCRA petitioner may challenge the legality of his sentence based on **Alleyne** when (1) **Alleyne** rendered the sentence illegal before the judgment of sentence became final and (2) the claim is raised in a timely filed PCRA petition.  **See DiMatteo**, 177 A.3d at 192.  Appellant, however, fails to meet either of these requirements as **Alleyne** was decided nearly five years after his sentence became final and the instant petition was not timely filed.  **See id.**