J-S32022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                             :        PENNSYLVANIA
                             :
            v.                  :
                             :
ROBERT MARCELIS            :
                           :
        Appellant        :   No. 2054 EDA 2018

Appeal from the PCRA Order Entered June 8, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1001311-2000

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:          **FILED JULY 22, 2019**

Appellant, Robert Marcelis, appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant facts and procedural history of this matter as follows:

> On April 30, 2000, [Appellant] robbed four different women at separate times and locations on the streets of Philadelphia. On February 22, 2001, the Honorable James J. Fitzgerald, III, found [Appellant] guilty of three counts of robbery (F1, F2, and F3), two counts of simple assault, four counts of theft, recklessly endangering another person, and othe[r] related charges. Sentencing was deferred until May 4, 2001, when Judge Fitzgerald imposed a sentence of 25 to 50 years [of] incarceration on the charge of F1 robbery and lesser concurrent sentences on the remaining charges. The 25 to 50 year sentence was issued pursuant to a mandatory minimum sentence triggered by [Appellant's] prior conviction for a crime of violence. [42] Pa.C.S. § 9714(a)(2). [Appellant] appealed his convictions to the Superior Court, which affirmed the [t]rial [c]ourt's judgment of sentence

on October 8, 2002.[1] [Appellant] petitioned the Supreme Court for allowance of appeal, which was denied on April 29, 2003.[2]

In 2004, [Appellant] filed a *pro se* PCRA petition. [Appellant] subsequently filed an Amended Petition, which was dismissed on February 27, 2006. [Appellant] appealed to the Superior Court, which affirmed dismissal on June 1, 2007.[3] [Appellant] petitioned the Supreme Court for allowance of appeal, which was denied on November 27, 2007.[4]

On May 1, 2017, [Appellant] filed his second PCRA petition claiming that he was issued a mandatory minimum sentence rendered unconstitutional by Alleyne v. United States, 570 US. 99 (2013). [Appellant] claims to meet the timeliness exception due to a change in constitutional law. 42 Pa.C.S. § 9545(b)(1)(iii).

On November 7, 2017, the Commonwealth filed a letter in brief. The Commonwealth claimed [Appellant's] petition was untimely as it was filed more than 60-days after Alleyne was decided and that it was unmeritorious because Alleyne was not retroactive, so [it] did not apply to [Appellant's] convictions.

On May 8, 2018, after a thorough review of the record, this [c]ourt issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. [Appellant] did not file a response. On June 8, 2018, this [c]ourt dismissed [Appellant's] PCRA petition for lack of merit. On July 5, 2018, [Appellant] filed an appeal to Superior Court.

---

[1] **Commonwealth v. Marcelis**, 815 A.2d 1129, 2472-2475 EDA 2001 (Pa. Super. filed October 8, 2002) (unpublished memorandum).

[2] **Commonwealth v. Marcelis**, 823 A.2d 144, 519-520 EAL 2002, 564-565 EAL 2002 (Pa. filed April 29, 2003).

[3] **Commonwealth v. Marcelis**, 929 A.2d 243, 1073 EDA 2006 (Pa. Super. filed June 1, 2007) (unpublished memorandum).

[4] **Commonwealth v. Marcelis**, 937 A.2d 444, 347 EAL 2007 (Pa. filed November 27, 2007).

PCRA Court Opinion, 9/24/18, at 2-3. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents one issue for our review:

1. Do the Pennsylvania and United States constitutions require a jury finding beyond a reasonable doubt that a criminal defendant has one or more prior convictions before an increased sentence can be imposed on that defendant?

Appellant's Brief at 1.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Staton*, 184 A.3d 949 (Pa. 2018). We consider the record in the light most favorable to the prevailing party in the PCRA court. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). This Court grants deference to the PCRA court's findings that are supported in the record, and we will not disturb those findings unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[5] Until recently, a petition invoking one of these exceptions must have been filed within sixty days of the date the claim could first have been presented.[6] 42 Pa.C.S. § 9545(b)(2).

_____

[5] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[6] Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2) and provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment … shall apply to claims arising on Dec. 24, 2017 or thereafter."). The amendment is inapplicable here because the claim presented in Appellant's underlying PCRA petition arose prior to December 24, 2017, and Appellant's PCRA petition was filed on May 1, 2017.

As discussed above, the trial court imposed sentence on May 4, 2001. Appellant filed an appeal to this Court, and we affirmed Appellant's judgment of sentence on October 8, 2002. Appellant petitioned our Supreme Court for allowance of appeal, which was denied on April 29, 2003. Accordingly, Appellant's judgment of sentence became final ninety days later on Monday, July 28, 2003, when the time for seeking *certiorari* from the United States Supreme Court expired.[7] **See** 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Therefore, in order to be timely, Appellant had to file a first or subsequent PCRA petition by July 28, 2004. **See** 42 Pa.C.S. § 9545(b)(1) (any PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final). Appellant did not file the instant PCRA petition until May 1, 2017. Thus, Appellant's underlying PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). As noted, in order for Appellant to assert one of these

---

[7] Appellant had ninety days from the date of the Pennsylvania Supreme Court's decision on direct appeal to file a petition for a writ of *certiorari* with the United States Supreme Court. **Commonwealth v. Hackett**, 956 A.2d 978, 980 n.4 (Pa. 2008); United States Supreme Court Rule 13.

exceptions, he was required to file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). It is the petitioner's burden to plead and prove that one of the exceptions applies. *Commonwealth v. Whitehawk*, 146 A.3d 266, 269-270 (Pa. Super. 2016).

After a review of Appellant's PCRA petition and appellate brief, it is clear that he has failed to mention, much less plead or prove, any exception to the timeliness requirements of the PCRA.[8] Although Appellant devotes several pages of his brief to a review of cases that analyze the constitutionality of sentencing, he fails to aver how those cases render his PCRA petition timely. Accordingly, we discern no basis upon which to disturb the decision of the PCRA court, and we affirm the order denying Appellant's untimely PCRA petition.[9]

---

[8] Appellant's only acknowledgement of the PCRA's time requirements is a boilerplate statement that provides as follows: "42 Pa. C.S.A. 9545(b)(1)(iii): this petition is not time-barred, because the rights asserted here were not understood in this way at the time of sentencing, and have been recognized in more recent jurisprudence." PCRA Petition, 5/1/17, at ¶6. We conclude that such a statement falls short of pleading and proving an exception to the PCRA timing requirements.

[9] Assuming, *arguendo*, that Appellant properly presented an argument that his PCRA petition should be deemed timely due to his sentence being illegal under *Apprendi v. New Jersey*, 530 U.S. 466, 494 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013) as a newly recognized constitutional right pursuant to 42 Pa.C.S. § 9545(b)(1)(iii), we would conclude that he is entitled to no relief under the PCRA.

In *Apprendi v. New Jersey*, 530 U.S. 466, 494 (2000), the United States Supreme Court held that any fact, other than a prior conviction, that

Order affirmed.

Judge Nichols did not participate in the consideration or decision of this case.

_____

increases a defendant's sentence beyond the statutory maximum is an element of the offense, and it must be submitted to a jury and proven beyond a reasonable doubt. The prior-conviction exception arose from the holding in ***Almendarez-Torres v. United States***, 523 U.S. 224 (1998). ***Apprendi***, 530 U.S. at 467. In ***Alleyne***, the United States Supreme Court held that ***Apprendi*** applied to mandatory-minimum sentences, and any fact that increases a mandatory minimum sentence is an element of the crime, not a sentencing factor, and it must be submitted to the jury and proven beyond a reasonable doubt. ***Alleyne***, 570 U.S., at 113, 117.

In his brief, Appellant argues that ***Almendarez-Torres*** was wrongly decided and was overruled and abandoned. Appellant's Brief at 8. Appellant is mistaken. Recently, the Supreme Court of the United States reiterated that the prior-conviction exception from ***Almendarez-Torres*** remains a viable distinction from the rule announced in ***Apprendi***. ***United States v. Haymond***, ___U.S.___, ___, 2019 WL 2605552, at *5, n.3 (2019).

Moreover, it is well established that ***Alleyne*** does not apply retroactively to collateral attacks upon a defendant's mandatory minimum sentence raised in PCRA proceedings. ***Commonwealth v. Washington***, 636 Pa. 301, 316, 142 A.3d 810, 820 (Pa. 2016). Thus, had Appellant properly averred that the holding in ***Alleyne*** was an exception to the PCRA's timing requirements, that claim would have failed. Additionally, Appellant's mandatory minimum was imposed due to a prior conviction. Neither ***Alleyne*** nor ***Apprendi*** held that a mandatory minimum sentences imposed due to a prior conviction renders a sentence illegal. If Appellant properly presented this issue, we would have concluded it was meritless.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/19