J-S36010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH SCOTT | : | |
| | : | |
| Appellant | : | No. 1329 EDA 2021 |

Appeal from the PCRA Order Entered June 2, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1026751-1982

BEFORE:   LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 17, 2021**

Joseph Scott appeals *pro se* from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  After careful review, we affirm.

In 1984, Scott was convicted of second-degree murder and related offenses; he was sentenced to life imprisonment, a concurrent sentence of 5-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Our standard of review of the court's denial of a PCRA petition is well-settled:

> Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error.  Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition.

***Commonwealth v. Whitehawk***, 146 A.3d 266, 269 (Pa. Super. 2016) (citations omitted)

10 years' imprisonment, and a suspended sentence. Scott filed an unsuccessful motion to modify sentence, which was denied on May 9, 1984. Scott filed a direct appeal; our Court vacated his suspended sentence and affirmed all remaining judgments of sentence. *See Commonwealth v. Scott*, No. 01338 Philadelphia 1984 (Pa. Super. filed Nov. 1, 1985) (unpublished memorandum decision). Scott filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on November 24, 1986. From 1988 through 2018, Scott filed serial PCRA petitions, amended *pro se* PCRA petitions, and writs of *habeas corpus*. His latest PCRA petition, filed on July 27, 2018, is his sixth. After issuing Pa.R.Crim.P. 907 notice of its intent to dismiss Scott's petition without a hearing, the PCRA court dismissed the petition on June 2, 2021. Scott filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Scott raises the following issues for our consideration:

(1)     Whether the PCRA [c]ourt failed to hold an evidentiary hearing on the timeliness that is required [for] a separate evaluation?

(2)     Whether permitting hearsay testimony alone to establish [a] complaint against [Scott] was insufficient to establish a *prima facie* case or any element of an offense [was error].

Appellant's Brief, at 3.

In his latest petition, Scott claims he is eligible for collateral relief based upon a constitutional violation that led to an illegal sentence. *See* PCRA Petition, 7/27/18, at 3. Specifically, Scott asserts that he is "actually innocent

of second[-]degree murder" where his vacated robbery sentence on direct appeal "was the predicate" for his murder conviction. *Id.* at 3. In an amended petition, filed after the PCRA court issued its Rule 907 notice of intent to dismiss his petition without a hearing, Scott raised a claim that the prosecutors in his case only presented hearsay testimony at his preliminary hearing and, therefore, without any "physical scientifical evidence against him," his case should not have been bound over for trial. Amended PCRA Petition, 11/18/20, at 1-2. *See Commonwealth v. McClelland*, 233 A.3d 717 (Pa. 2020) (holding hearsay evidence alone insufficient to establish *prima facie* case at preliminary hearing).

Instantly, the PCRA court dismissed Scott's latest petition as untimely filed, noting that he failed to plead and prove any exception to the PCRA's time-bar. Specifically, the court found that "[Scott] failed to meaningfully address the PCRA's statutory time-bar[, but, rather,] solely discussed his substance [of his] sentence-illegality claim. This kind of presentation fell woefully short of his obligation to explain how one of the three statutory exceptions applied." Trial Court Opinion, 5/26/21. We agree.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. [*Id.* at] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims

raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions[.]

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

Here, Scott's judgment of sentence became final on February 24, 1987, when the time expired for him to file a petition for writ of *certiorari* with the United States Supreme Court. **See** 42 Pa.C.S.A. § 9545 (b)(3); Sup. Ct. R. 13. Thus, Scott had until February 24, 1988, to file a timely PCRA petition. The current petition, filed more than thirty years later on July 27, 2018, is, therefore, patently untimely. Thus, unless Scott pleads and proves a timeliness exception to the PCRA time-bar, the PCRA court had no jurisdiction to consider the merits of his petition. **See Commonwealth v. Jackson**, 30 A.3d 845 (Pa. 2012) (if PCRA petition deemed untimely and no exception pled and proven, petition must be dismissed without hearing because court lacks jurisdiction to consider merits of petition).

Because Scott's petition and amended petition do not plead, let alone prove, any PCRA timeliness exception, we agree with the trial court that his petition is time-barred. **See Commonwealth v. Brown**, 111 A.3d 171 (Pa. Super. 2015) (where petitioner neither acknowledged untimeliness of petition nor alleged any exception to PCRA time-bar, petitioner failed to "plead and prove" any section 9545(b)(1) exception); ***see also Commonwealth v. Wharton***, 886 A.2d 1120, 1126 (Pa. 2005) ("Exceptions [to the PCRA jurisdictional time-bar] cannot be raised for the first time on appeal[.]").

Thus, the trial court properly dismissed Scott's petition without a hearing.[2]

***Whitehawk***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2021

_____

[2] Even if Scott had pled an exception under section 9545(b)(1), he would not be eligible for PCRA relief. Our Supreme Court has yet to hold that the constitutional right recognized in **McClelland** applies retroactively. **See Commonwealth v. Leggett**, 16 A.3d 1144, 1147 (Pa. Super. 2011) (in order for section 9545(b)(1)(iii) timeliness exception to apply, "petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that [C]ourt to apply retroactively . . . to cases on collateral appeal"). Moreover, if he were to argue that the newly-discovered facts exception applies, **see** 42 Pa.C.S. § 9545(b)(1)(ii), he would similarly be unsuccessful as case law does not constitute a "fact" for purposes of this exception. **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) (subsequent decisional law does not amount to new "'fact" under section 9545(b)(1)(ii) of PCRA).