J-S31013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUSTIN PARKINSON | : | |
| | : | |
| Appellant | : | No. 1286 EDA 2022 |

Appeal from the PCRA Order Entered April 11, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0008405-2017

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                      **FILED OCTOBER 06, 2022**

Austin Parkinson appeals *pro se* from the dismissal of his second petition filed pursuant to the Post Conviction Relief Act ("PCRA") as untimely. We affirm.

On August 29, 2018, Appellant entered a negotiated guilty plea to third degree murder with a deadly weapon, conspiracy to commit murder, robbery with a deadly weapon, and conspiracy to commit robbery in relation to the 2017 stabbing death and robbery of Chad Konata.[1]  **See** N.T. Guilty Plea Hearing, 8/29/18, at 13-14.  The same day, the trial court imposed the agreed upon aggregate sentence of forty to eighty years of incarceration.  **Id**. at 29-

---

[*] Former Justice specially assigned to the Superior Court.

[1]  Appellant committed the homicide and robbery of Mr. Konata with the assistance of his wife, Lana Lare.  **See** N.T. Guilty Plea Hearing, 8/29/18, at 17.  Mrs. Lare also entered a negotiated guilty plea, receiving an aggregate sentence of thirty to sixty years of incarceration.

31. Appellant did not pursue a post-sentence motion or direct appeal from his judgment of sentence.

Appellant filed a timely *pro se* PCRA petition, alleging that his plea was invalid because he was mentally ill, heavily medicated, suicidal, and unaware that his individual sentences would run consecutively to each other at the time that he entered the negotiated guilty plea. Appellant also requested an evidentiary hearing so that he could present testimony of a physician at the Montgomery County Correctional Facility to testify that Appellant was taking psychiatric medication and suicidal at the time of his guilty plea. Thereafter, appointed counsel filed a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After issuing Pa.R.Crim.P. 907 notice and allowing PCRA counsel to withdraw, on September 16, 2019, the PCRA court denied the petition without a hearing. Appellant did not appeal.

On January 4, 2022, Appellant filed a second *pro se* PCRA petition and a memorandum in support, which is the subject of this appeal. Therein, Appellant conceded that his petition was facially untimely, but nevertheless argued that he had met the exceptions to the PCRA's jurisdictional time bar because his sentence was illegal and both prior counsels were ineffective for failing to present and preserve his sentencing claim. The PCRA court issued Rule 907 notice of its intent to dismiss the petition as untimely and Appellant filed a response. After reviewing Appellant's response, the PCRA court concluded that Appellant still had not established the applicability of any of

the timeliness exceptions and entered a final order denying the petition. This appeal followed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement but did submit a Rule 1925(a) opinion.

Appellant presents the following issue for our review: "Did the lower court err in dismissing Appellant's second PCRA petition for lack of jurisdiction when Appellant plead and proved cognizable exceptions to 42 Pa.C.S. § 9545(b)(1)(i)-(iii)?" Appellant's brief at 4.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." **Commonwealth v. Whitehawk**, 146 A.3d 266, 269 (Pa.Super. 2016). In order for a petition to be timely under the PCRA, it must be filed within one year of the date that a petitioner's judgment of sentence became final. **See** 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than two years after his judgment of sentence became final, is patently untimely. Thus, unless Appellant pled and proved one of the three exceptions to the PCRA time-bar outlined in 42 Pa.C.S. § 9545(b)(1)(i-iii),[2] we cannot address the claim he asserts therein.

_____

[2] These exceptions are:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution of laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

First, Appellant asserts that he has pled a newly-discovered fact exception in order to overcome the PCRA time bar based on his recently obtained mental health records. **See** Appellant's brief at 12-14. The newly-discovered fact exception set forth at § 9545(b)(1)(ii) has two components, which must be alleged and proven as an initial jurisdictional threshold. **Commonwealth v. Diggs**, 220 A.3d 1112, 1117 (Pa.Super. 2019). Namely, the petitioner must establish that: (1) the facts upon which the claim was predicated were unknown; and (2) they could not have been ascertained by the exercise of due diligence. **See** 42 Pa.C.S. § 9545(b)(1)(ii); **see also Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007). "Due diligence demands that the petitioner take reasonable steps to protect his own interests" and explain why he could not have learned the new facts earlier with the exercise of due diligence. **Commonwealth v. Burton**, 121 A.3d 1063, 1069 (Pa.Super. 2015).

Appellant explains that the recently acquired mental health assessments from multiple state mental health hospitals demonstrate that he was suffering from suicidal behavior and bipolar disorder prior to and during sentencing.

_____

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

*See* Appellant's brief at 11-14. Since the trial court did not have access to these records at sentencing, Appellant alleges that they should be deemed newly-discovered facts. *Id*. Appellant further contends that he has shown the necessary due diligence because he has been working diligently to obtain these health records since his sentencing hearing concluded. *Id*. at 14.

After reviewing the record, the PCRA court disagreed, explaining:

> The exception listed in subsection 9545(b)(1)(ii) cannot apply to the sentencing claims for two reasons. First, [Appellant] was present in court when the undersigned sentenced him, so he must have been aware of the putative defects he alleges in regard to the sentence and sentencing procedure. Second, the memorandum argued that medical, psychiatric or psychological reports regarding [Appellant's] mental health before and after the murder should be deemed newly discovered evidence, but the records and the facts within them could have been ascertained previously be the exercise of due diligence. At his guilty plea hearing, [Appellant] produced a written colloquy in which he stated that he had been a patient in two mental hospitals, diagnosed with bipolar disorder. Sentencing Hearing, Exhibit D-1, p.2. During his oral guilty plea colloquy, he stated that he was taking psychiatric medication while in prison awaiting trial, and that he had taken medicine for bipolar disorder in the past. N.T. August 29, 2018, pp. 3-4. In view of these facts of record, [Appellant] failed to plead grounds for claiming that the reports regarding the state of his mental health could not have been previously ascertained by the exercise of due diligence.
>
> The facts regarding [Appellant's] mental state were not newly ascertained, but were available to him when he pled guilty.

PCRA Court Opinion, 5/27/22, at 5-6. We agree.

Our review of the certified record confirms the PCRA court's findings that Appellant has not uncovered any new facts. Instead, the sentencing court was well-aware of Appellant's prior mental health issues and current mental

- 5 -

state before it accepted Appellant's guilty plea and issued the negotiated sentence:

> The Court: Are you under the influence of any drug, alcohol or medication this afternoon?
>
> Appellant: No.
>
> The Court: You've indicated to me that, on prior occasions, you did receive some treatment for bipolar disorder; is that correct?
>
> Appellant: Yes.
>
> The Court: Okay. You were previously prescribed medication for that disorder; is that correct?
>
> Appellant: Correct.
>
> The Court: Are you currently taking any medication for that disorder?
>
> Appellant: No.
>
> The Court: Are you currently taking any medications at all?
>
> Appellant: Yes.
>
> The Court: What medications are you taking presently?
>
> Appellant: Medication for sleeping and nightmares.
>
> The Court: Does the fact that you take that prescription medication for sleeping and for nightmares affect your ability to understand what you're doing here in the courtroom at all?
>
> Appellant: Not at all.

*See* N.T. Guilty Plea Hearing, 8/29/18, at 3-4. Thus, the medical records relied upon by Appellant amount only to a new source of facts that were known

to Appellant at the time of his guilty plea and sentencing hearing. **See Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015) ("the focus of [the 42 Pa.C.S. § 9545(b)(1)(ii)] exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.") (quotation and citation omitted). Accordingly, Appellant has failed to establish the newly discovered fact exception to the PCRA time bar.

Second, Appellant contends that his PCRA petition falls within the timeliness exception for a new constitutional right. 42 Pa.C.S. at § 9545(b)(1)(iii). The new constitutional right exception has two requirements: (1) the right asserted is a constitutional right that was recognized by the federal Supreme Court or the state Supreme Court after the time provided in the PCRA; and (2) the right has been held by that Court to apply retroactively. **Id**. Thus, Appellant must prove both a "new" constitutional right and retroactive application. **Id**.

Herein, Appellant asserts that **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), created a new constitutional rule that applies to him. **See** Appellant's brief at 9. In **Bradley**, the Pennsylvania Supreme Court expanded the opportunities for PCRA petitioners, allowing them to raise claims of ineffective assistance of first PCRA counsel's ineffectiveness at their first opportunity, even if on appeal. **Id**. at 405. In his brief, Appellant contends that **Bradley** applies to him because he raised his claim of PCRA counsel ineffectiveness at his first opportunity after reading the decision. **See** Appellant's brief at 6. However, **Bradley** did not create a new, non-statutory

exception to the PCRA time bar. *See Bradley*, *supra* at 406 (Justice Dougherty concurring) ("Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his 'first opportunity to do so.'"). Since Appellant cannot invoke *Bradley* as a basis to overcome the PCRA time bar pursuant to § 9545(b)(1)(iii), we agree with the PCRA court that Appellant has not alleged a violation of a constitutional right. *See* PCRA Court Opinion, 5/27/22, at 7.

Based on the foregoing, we find the PCRA court's conclusion that Appellant's petition was untimely to be fully supported by the record and free of legal error.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/6/2022*